UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| TREMONTI/STAPP MUSIC, INC, a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>YAMAHA MOTOR CORPORATION USA, A California corporation,<br><br>Defendant. | Case No: 6:10-CV-01616-MSS-DAB<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT YAMAHA MOTOR CORPORATION USA'S ANSWER TO COMPLAINT

Defendant Yamaha Motor Corporation USA ("Yamaha" or "Defendant") hereby answers the Complaint of plaintiff Tremonti/Stapp Music, Inc. ("TSM" or "Plaintiff"), with numbered paragraphs corresponding to the numbered paragraphs in Plaintiff's Complaint, as follows. TSM's opening paragraph does not itself appear to contain any allegations requiring a response. Yamaha's specific responses to the numbered allegations are set forth below.

### NATURE OF THE ACTION

1.  Yamaha admits that TSM's pleading purports to be a complaint for copyright infringement, but denies Yamaha has infringed any valid and enforceable copyright claim.

2. Yamaha admits that it authorized the promotion of one of its motorcycle products through at least one television commercial during 2010. Yamaha denies that any Yamaha television commercial made use of TSM's musical work entitled "*Higher*." Yamaha further denies that the musical work entitled "*Higher*" is owned exclusively by TSM. Yamaha lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 2, and therefore denies all remaining allegations.

## THE PARTIES

3. Yamaha admits that Plaintiff TSM is a corporation existing under the laws of Florida with its principal place of business at 2800 Olympic Boulevard, 2nd Floor, Santa Monica, California 90404, but lacks knowledge or information sufficient to form a belief as to whether TSM maintains a business address in Windermere, Florida, and therefore denies the same. Yamaha lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 3, and therefore denies all remaining allegations.

4. Yamaha admits that it is a California corporation with its principal place of business at 6555 Katella Avenue, Cypress, California 90630-5101. Yamaha admits that it is registered to do business as a foreign corporation with the Florida Department of State and does business within and outside the State of Florida. Yamaha admits that it authorizes advertising of its motorcycles and that motorcycles distributed by Yamaha are sold in this judicial district, but denies that it has advertised or sold motorcycles

anywhere through use or infringement of musical works owned by TSM. Except as expressly admitted, each and every remaining allegation of Paragraph 4 is denied.

## JURISDICTION AND VENUE

5. Yamaha admits that TSM purports to base its cause of action under the Copyright Act, 17 U.S.C. § 501 et seq., but Yamaha denies the legal sufficiency of TSM's claims and allegations as to Yamaha and denies that TSM has any viable claim thereunder with respect to Yamaha. Yamaha admits that TSM has alleged that this Court has subject matter jurisdiction over copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Consistent with Yamaha's response expressed in Paragraph 30 below, on information and belief Yamaha denies that TSM has standing, and accordingly denies that this Court has subject matter jurisdiction over TSM's copyright claims in this particular case. Except as expressly admitted, each and every remaining allegation of Paragraph 5 is denied.

6. Yamaha admits that this Court has personal jurisdiction over it and that it does continuous and systematic business within this State. Except as expressly admitted, each and every remaining allegation of Paragraph 6 is denied.

7. Yamaha denies each and every allegation of Paragraph 7.

## BACKGROUND FACTS

8. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and therefore denies the same.

9. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies the same.

10. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore denies the same.

11. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies the same.

12. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies the same.

13. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies the same.

14. Yamaha admits that TSM has attached to its Complaint U.S. Federal Copyright Registration Nos. PA0000969201 and PAu002427818 as Exhibit A. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14, and therefore denies the each and every remaining allegation of Paragraph 14.

15. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies the same.

16. Yamaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies the same.

17. Yamaha admits that it initiated a television advertising campaign for one of its motorcycle products during 2010. Except as expressly admitted, Yamaha denies each and every remaining allegation of Paragraph 17.

18. Yamaha admits that it authorized the display of at least one television commercial during 2010, but denies that any such television commercial debuted during

the 2010 Indianapolis 500 Race.  Except as expressly admitted, Yamaha denies each and every remaining allegation of Paragraph 18.

19.   Yamaha admits that it has not licensed or purchased the rights to use the work *"Higher"* from TSM.  Except as expressly admitted, Yamaha denies each and every remaining allegation of Paragraph 19.

20.   Yamaha denies each and every allegation of Paragraph 20.

## COUNT I

Direct Copyright Infringement Under 17 USC. § 501 et seq.

21.   Yamaha admits that TSM has realleged and incorporated its allegations stated in Paragraphs 1 through 19 of TSM's Complaint, and Yamaha hereby incorporates each of its responses to such allegations as set forth in Paragraphs 1 through 19 of Yamaha's Answer above.  Yamaha further incorporates its denials stated in Paragraph 20 above.

22.   Yamaha denies each and every allegation of Paragraph 22.

23.   Yamaha lacks knowledge or information sufficient to form a belief as to whether TSM is "an owner" of any or all copyrights in the musical composition "*Higher*," and therefore denies each and every allegation of Paragraph 23.

24.   Yamaha admits that it authorized the creation and display of a television commercial for one of its products.  Yamaha denies each and every remaining allegation of Paragraph 24.

25.   Yamaha denies each and every allegation of Paragraph 25.

26.   Yamaha denies each and every allegation of Paragraph 26.

27. Yamaha denies each and every allegation of Paragraph 27.

28. Yamaha denies each and every allegation of Paragraph 28.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

29. Yamaha is not presently infringing, nor has Yamaha ever infringed, any valid or enforceable copyright held by TSM.

### Second Affirmative Defense

30. TSM lacks standing to pursue this claim and therefore, pursuant to Federal Rule of Civil Procedure 12(b)(1), TSM's Complaint should be dismissed.

### Third Affirmative Defense

31. TSM has failed to state a claim against Yamaha for which relief can be granted and therefore, pursuant to Federal Rule of Civil Procedure 12(b)(6), TSM's Complaint should be dismissed.

### Fourth Affirmative Defense

32. TSM has failed to join an indispensable party and therefore, pursuant to Federal Rule of Civil Procedure 12(b)(7), TSM's Complaint should be dismissed.

### Fifth Affirmative Defense

33. This Court is not the proper venue for adjudicating this dispute and therefore, pursuant to Federal Rule of Civil Procedure 12(b)(3), TSM's Complaint should be dismissed.

34. Yamaha reserves the right to assert additional affirmative defenses that may be supported by evidence or information not yet revealed in amendments and supplements to this Answer.

## RESPONSE TO PRAYER FOR RELIEF

Yamaha denies that TSM is entitled to any of the relief requested in its Prayer for Relief.

## RESPONSE TO DEMAND FOR JURY TRIAL

TSM's demand for a jury trial requires no answer.

## YAMAHA'S PRAYER FOR RELIEF

WHEREFORE, Yamaha respectfully requests that this Court enter judgment in its favor as follows:

a. An Order denying TSM all the relief requested in TSM's Complaint;

b. Declaring that Yamaha has not infringed and is not infringing any copyright asserted by TSM;

c. Dismissing TSM's Complaint in its entirety with prejudice;

d. Awarding Yamaha its reasonable costs and attorneys fees pursuant to 17 U.S.C. § 505 and other applicable statutes; and

e. Any further relief that the Court may deem just and proper under the circumstances.

                              *s/ Frank D. Hosley*
**FRANK D. HOSLEY**
Florida Bar No. 078972
fhosley@seippflick.com
**SEIPP & FLICK LLP**
1064 Greenwood Boulevard - Suite 212

        Lake Mary, Florida   32746
(407) 585-7600
(407) 585-7610 - FAX

**- and -**

**JENNIFER LANTZ \***
jennifer.lantz@haynesboone.com
**HAYNES AND BOONE, LLP**
2033 Gateway Place, Suite 300
San Jose, California   95110
(408) 660-4120
\* *Pro Hac Vice* admission is pending

Attorneys for Defendant,
**YAMAHA MOTOR CORPORATION, U.S.A.**

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on January 18, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to:  **Mark D. Passler, Esq.,** Akerman Senterfitt, Esperante Building, 4th Floor, 222 Lakeview Avenue, Suite 400, West Palm Beach, Florida.

       *s/  Frank D. Hosley*
**FRANK D. HOSLEY**
Florida Bar No. 078972
fhosley@seippflick.com
**SEIPP & FLICK LLP**
1064 Greenwood Boulevard - Suite 212
Lake Mary, Florida   32746
(407) 585-7600
(407) 585-7610 - FAX

**- and -**

**JENNIFER LANTZ \***
jennifer.lantz@haynesboone.com
**HAYNES AND BOONE, LLP**
2033 Gateway Place, Suite 300
San Jose, California   95110
(408) 660-4120
\* *Pro Hac Vice* admission is pending

Attorneys for Defendant,
**YAMAHA MOTOR CORPORATION, U.S.A.**